No. 854

KRONENBERG v. WHALE

No. 19276. Supreme Court

On motion to certify. Dock. July 20, 1925; 3 Abs. 466.

465. ERROR—Is error committed if trial court permits an amendment to plaintiff's petition after verdict, not giving defendant an opportunity to meet such new matter?

Herbert Whale's action in the Cuyahoga Common Pleas was to recover damages for personal injuries while riding in an automobile and which was claimed to have collided with Louis Kronenberg's machine which was parked close to the curb. Whale set forth three grounds of negligence in reference to the parked automobile as the proximate cause of said collision: that it was without a red light or a white light on the rear thereof; that it was without a light visible 200 feet from the rear of said car; and that Kronenberg failed to give notice or warning to persons travelling upon the street that said automobile was standing there in said dark place.

Whale expressly pleaded that the collision was caused by reason of the operator of the car in which he was riding being blinded by the glaring headlights of an approaching motor vehicle which made it impossible to observe Kronenberg's parked car. The jury returned a verdict of $10,000 in favor of Whale and judgment was entered thereon. The Court of Appeals affirmed this judgment; but by a divided court.

The case is in the Supreme Court on motion to certify and Kronenberg contends that the verdict and judgment are contrary to law because there is no evidence or rational inference therefrom legally sufficient to show that the negligence alleged against him was the proximate cause of Whale's injuries.

It is claimed that Whale's evidence showed that the car in which he was riding was of necessity obliged to turn to its right, thereby striking Kronenberg's car, to avoid a collision with the oncoming car with the glaring headlights; and that the course of the oncoming car created this necessity. It is further claimed that the matter of lights on the parked car had nothing to do with producing the collision; and that it cannot be inferred that the presence of lights thereon would have prevented the collision. Kronenberg urges that therefore the alleged negligence was not the proximate cause of the collision and Whale had failed to establish that he was negligent at all.

It is contended that the trial court erred in that in defining the issues it confused same, that the trial court usurped the province of the jury, holding that the jury could consider the failure to have a headlight upon the theory that if there had been a front headlight on the car, there would have been some notice or warning as it would shine upon the street and give the people some idea that the car was there. It is claimed this was extremely erroneous as the province to so find was exclusively the jury's. It is further claimed that the court refused to confine the jury to the issue in the pleadings and upon which the case was tried.

Another assignment of error is that the trial court permitted an amendment of Whale's petition after verdict. It is admitted that courts in their discretion, under 11363 GC., "may amend any pleading, process or proceeding - - - - by conforming said pleading or proceeding to the facts proved." It is contended that there is a limitation upon the discretion of courts permitting amendments, contained in the phrase, "in the furtherance of justice," which is incorporated in 11363 GC.

"To permit, after verdict has been returned, an amendment to the petition, which presents facts and issues not submitted to the jury or referred to in the charge of the court is error." Huron Dock v. Schwart, 2 C. C. (n. s.) 457.

"It is an abuse of discretion for the trial court, after close of all the evidence and while instructions are being given, to grant leave to amend the petition so as to insert additional elements of damage to conform to proof which has been admitted against objection." Lake Shore Ry. Co. v. Hobart, 13 C. C. (n. s.) 592.

Attorneys—Rothenberg, McMorris & Smith for Kronenberg; Cline & Patterson for Whale; all of Cleveland.